**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROCHELLE BRADSHAW**,**

       Plaintiff,

v.                                                                                  Civil Action No.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA**,**

       Defendant,

**COMPLAINT**

AND NOW comes Rochelle Bradshaw, by and through her attorney, John Newborg, Esquire and files the following Complaint against The Prudential Insurance Company, averring as follows:

**PARTIES**

1. Plaintiff, Rochelle Bradshaw, is an adult individual residing in the Western District of Pennsylvania at 300 East 2nd Avenue, Tarentum, PA 15084.

2. The Prudential Insurance Company (hereinafter "Prudential") is a business corporation with a principal office located at Disability Management Services, P.O. Box 13480, Philadelphia, PA 19176.

3. Prudential regularly conducts business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Prudential acted through its authorized employees acting within the course and scope of their employment.

## JURISDICTION

5. Plaintiff brings this action under the provisions of the *Employee Retirement Income Security Act* ("ERISA"), 29 U.S.C.A. §1001 *et seq*.

6. Jurisdiction is conferred upon this Court pursuant to ERISA, 29 U.S.C.A. §1132 and pursuant to 28 U.S.C.A. §1331.

## FACTS

7. The Allegheny County Sanitary Authority employed Plaintiff from May 1, 1979 to August 25, 2009.

8. On August 25, 2009, the Plaintiff discontinued her employment with The Allegheny County Sanitary Authority due to physical disability.

9. Defendant, Prudential, provides a long-term disability insurance plan to the employees of The Allegheny County Sanitary Authority.

10. Plaintiff applied for long-term disability benefits.

11. In February 2010 Plaintiff was found eligible to receive monthly long-term disability benefits.

12. Commencing in November 2011 the Plaintiff also began receiving $1,900.95 in monthly retirement benefits in addition to her long-term disability benefits.

13. Plaintiff had no idea, nor was she ever informed, that the retirement benefits were to be set off against the long-term disability benefits.

14. The monthly long-term disability benefits payments continued until May 2016, when, without warning or explanation, the payments dropped to $50.00 per month.

15. Plaintiff had absolutely no idea why her benefits dropped and she attempted on her own, without success, to find out what had happened.

16. Plaintiff contacted counsel in June of 2016 to see if counsel could figure out why the benefits dropped. Attached hereto and Marked Exhibit "A" is a copy of counsel's letter of June 24, 2016.

17. On or about June 30, 2016 Prudential provided to counsel a packet of documents regarding Plaintiff, which packet of documents consisted of 519 pages, but no separate explanation for the drop in benefits was included in the packet.

18. Thereafter, on August 4, 2016, Defendant sent a letter to Plaintiff stating, for the first time that, that once the Plaintiff began receiving her pension benefits in November 2011, the Defendant should have reduced Plaintiff's monthly long-term disability payments by the amount of her pension benefits, but had neglected to do so.

19. In addition, the Defendant's August 4, 2016 letter stated that as a result of the "overpayment," the Plaintiff was required to **repay** to Prudential the sum of $31,747.84.

20. Thereafter, because Defendant had made a miscalculation of the "over-payment" Defendant sent a letter dated October 31, 2016 stating that the Plaintiff had to repay $16,416,66 to Defendant. Attached hereto and marked Exhibit "B" is a copy of Defendant's October 31, 2016 letter.

**COUNT I- ERISA BREACH OF FIDUCIARY DUTY**

21. Plaintiff incorporates by reference Paragraphs 1 through 20 above by reference.

22. The retirement incentive plan is a group benefit plan governed by ERISA.

23. Under ERISA, Plan Administrators owe a fiduciary duty to plan participants to administer the plan solely in the interest of the plan participants and for the exclusive purpose of providing benefits to participants and their beneficiaries. 29 U.S.C.A. §1104(a)(1)(A)(i)

24. Under ERISA, Plan Administrators must discharge their fiduciary duties with care, skill, prudence and diligence. 29 U.S.C.A. §1104(a)(1)(B)

25. Defendant breached its Fiduciary Duty owed to the Plaintiff by failing to administer the plan with care, skill, prudence and diligence by paying the Plaintiff her long-term disability payments concurrent with the Plaintiff's retirement benefits, when the long-term disability benefits should have been set-off by the retirement benefits.

26. Defendant breached its Fiduciary Duty owed to the Plaintiff by failing to administer the plan with care, skill, prudence and diligence by not notifying the Plaintiff that the Plaintiff's long-term disability benefits should have been set-off by the retirement benefits.

27. The Defendant was aware that the Plaintiff was totally disabled from work.

28. Defendant knew or should have known that all of the money received by the Plaintiff would be consumed by the Plaintiff for normal modest living expenses

29. Defendant knows that a requirement placed on the Defendant to repay $16,416.66 would pose an impossible financial burden on the Plaintiff.

30. If the Defendant had not breached its fiduciary duty owed to the Plaintiff, the Plaintiff would not now be in the position where the Defendant is being required to pay the Defendant the sum of $16,416.66.

WHEREFORE, Plaintiff seeks an Order of Court relieving Plaintiff of any liability to repay Defendant $16,416.66 and requiring Defendant to pay attorneys fees as compensation for Defendant's breach of fiduciary duty.

## COUNT II- COLLECTION AGAINST PERSONAL ASSETS

31. Plaintiff incorporates by reference Paragraphs 1 through 30 above by reference.

32. Any and all money the Plaintiff received from the Defendant was consumed by the Plaintiff to purchase the basic necessities of life such as food, shelter, transportation, and clothing.

33. No money received from the Defendant was set aside by the Plaintiff in a separate fund or account.

34. Any money the Plaintiff would be required to pay the Defendant as recoupment of overpaid long-term disability payments would have to be collected from the Plaintiff's personal assets.

35. Pursuant to the U.S. Supreme Court case of *Montanile v. Bd. of Trs. of*

*the Nat'l Elevator Indus. Health Ben. Plan,* 136 S. Ct. 651 (2016) Defendant cannot recoup ERISA benefits from the personal assets of an ERISA beneficiary.

WHEREFORE, Plaintiff seeks an Order of Court relieving Plaintiff of any liability to repay Defendant $16,416.66 and requiring Defendant to pay attorneys fees as compensation for Defendant's seeking to recover overpaid ERISA benefits from the personal assets of the Plaintiff.

Respectfully submitted,

By:   S/John Newborg
     John Newborg, Esq.
     Pa. I.D. No. 22276
     225 Ross Street, 4th Floor
     Pittsburgh, PA 15219
     (412) 281-1106
     newborglaw@gmail.com